AO 245B (Rev 12/10) Criminal Judgment Sheet 1

# UNITED STATES DISTRICT COURT
**District of New Mexico**

| UNITED STATES OF AMERICA | Judgment in a Criminal Case |
|---|---|
| V. | |
| **Marsha Diane Colaiezzi** | (For Offenses Committed On or After November 1, 1987) |
| | Case Number: **1:09CR00592-001JB** |
| | USM Number: **48253-051** |
| | Defense Attorney: **Richard Winterbottom, Appointed** |

THE DEFENDANT:

☒ pleaded guilty to count(s) **Indictment**
☐ pleaded nolo contendere to count(s)  which was accepted by the court.
☐ after a plea of not guilty was found guilty on count(s)

The defendant is adjudicated guilty of these offenses:

| Title and Section | Nature of Offense | Offense Ended | Count Number(s) |
|---|---|---|---|
| 21 U.S.C. Sec. 841(b)(1)(A) | Possession With Intent to Distribute 5 Kilograms and More of Cocaine | 02/21/2009 | |

The defendant is sentenced as provided in pages 2 through **7** of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count .
☐ Count   dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

**November 12, 2010**
Date of Imposition of Judgment

**/s/ James O. Browning**
Signature of Judge

**Honorable James O. Browning**
**United States District Judge**
Name and Title of Judge

**December 29, 2010**
Date Signed

Defendant: **Marsha Diane Colaiezzi**
Case Number: **1:09CR00592-001JB**

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **4 days or time served, whichever is less** .

**In 2007, Defendant Marsha Diane Colaiezzi separated from her husband because of his infidelity. Divorce proceedings are currently pending, and Colaiezzi indicates that the divorce has been contentious. Colaiezzi states that, since her involvement in this offense, her children have not spoken to her. Colaiezzi asserts that her children believe that she should have stayed with her former husband, because he could have supported her financially. Colaiezzi was a homemaker her entire adult life, and did not have many marketable skills upon which to rely. On February 21, 2009, a New Mexico Sheriff`s Deputy conducted a traffic stop on a Dodge Caravan, because the driver was not wearing a seatbelt. The driver, Colaiezzi, seemed nervous to the officer. The officer requested to see her driver`s license, vehicle registration, and proof of insurance. He learned that the vehicle was a one-way rental vehicle, with a rental cost of over $1,000.00. The officer gave Colaiezzi a verbal warning for the traffic violation of not wearing a seatbelt and advised Colaiezzi that she was free to leave. Because the officer was suspicious that someone would pay so much money for a one-way rental for a minivan without needing the space the minivan provides, he asked Colaiezzi if she would be willing to answer a few more questions. As the officer asked about Colaiezzi`s travel plans, he became more suspicious about her need to rent a minivan for space and why she was making a long drive to New York. The officer asked Colaiezzi for permission to search the vehicle, which she granted. He found approximately twenty-two kilograms of cocaine in the back of the vehicle and arrested Colaiezzi. Colaiezzi waived her rights under Miranda v. Arizona, 384 U.S. 436 (1966), and stated she needed the money. She alleged that she knew she was transporting drugs, but did not know what drug she was transporting. Colaiezzi stated that, a few weeks earlier, a woman identified as "Cheryl" engaged her in conversation, and that during the conversation Colaiezzi mentioned her mounting bills and pending divorce. "Cheryl" told Colaiezzi that she could make some money transporting drugs for "Cheryl" and Cheryl`s boyfriend "Robert." Colaiezzi at first declined the offer, but later agreed, because she desperately needed the money. The Court incorporates herein additional information set forth in its Memorandum Opinion and Order, filed December 16, 2010 (Doc. 55).**

**The Presentence Investigation Report ("PSR") calculated Defendant Colaiezzi`s base offense level at 31. It calculated a 2-level reduction pursuant to U.S.S.G. § 2D1.1(b)(11), because the United States represented that Colaiezzi provided all evidence and information she had concerning this offense. The PSR also calculated a 2-level reduction pursuant to U.S.S.G. § 3B1.2, as the parties agreed pursuant to the plea agreement that she played the role of a minor participant. The Court will accept the stipulation that Colaiezzi was a minor participant, because it appears from the information available to the Court that she was not more than a courier. Finally, the PSR calculated a 3-level reduction pursuant to U.S.S.G. § 3E1.1, because Colaiezzi demonstrated an acceptance of responsibility for the offense of conviction. This reduction resulted in a total offense level of 24.**

**The Court will grant Colaiezzi`s request for a downward departure pursuant to U.S.S.G. §5H1.4. After a careful review of the materials submitted to the Court, and after seeing the result of the dramatic deterioration in Colaiezzi`s health at the sentencing, the Court believes a departure is appropriate. The Court has seen many cases and situations in which people mention their medical conditions, but the Court is convinced Colaiezzi`s case presents an extraordinary medical condition that does not fall in the heartland of cases. The Court concludes that Colaiezzi`s physical condition has significantly deteriorated and is concerned that the Bureau of Prisons is not likely able to adequately handle Colaiezzi`s physical condition. Colaiezzi appeared in the courtroom for her sentencing in a wheelchair. While the Court has a high degree of comfort that the Bureau of Prisons can deal with most medical issues, the Court is concerned about her condition being manageable by a prison. Colaiezzi currently lives with her nephew in a trailer park in Arizona. Her nephew intends to stay with her as long as he is needed. He drives her around, because she cannot drive. He drove her to the sentencing hearing and was present during the hearing. The Court believes these considerations justify a departure from the Guideline range. The Court will grant a downward departure of 13 levels. The offense level after the downward departure is 11, and the criminal history category is I. The Guideline imprisonment range for an offense level of 11 and criminal history category of I is 8 to 14 months. The downward departure of 13 levels gets the Court to Zone B. The United States represented that it did not object to a downward departure of 13 levels or to Zone B. See U.S.S.G. § 5C1.1**

**Even with a 13 level departure, Zone B requires that at least one month be satisfied by imprisonment or a sentence of probation that includes substitute intermittent confinement, community confinement, or home detention. The Court cannot statutorily place Colaiezzi on probation, because 21 U.S.C. § 841(b)(1)(A) states that "the court shall not place on probation . . . any person sentenced under this subparagraph." 18 U.S.C. § 841(b)(1)(A). The Court will not impose further imprisonment, and, because it cannot**

under the statute place Colaiezzi on probation for this crime, the Court must vary from the policy in U.S.S.G. § 5C1.1(c)(2) to reach a time-served sentence. Zone B allows a defendant to serve half of a term imprisoned and half of a term in home detention, provided that at least one month is satisfied by imprisonment. See 5C1.1(c), (e). To approximate as much as possible the policy set forth in U.S.S.G. § 5C1.1, the Court will, as a condition of supervised release, place Colaiezzi on electronic monitoring for 8 months, which is the sentence at the lower end of the sentencing range after the 13-level departure. The Court believes that, although Colaiezzi will be under electronic monitoring for the entire 8 months, instead of 4 months, this amount most closely approximates the policy set forth in U.S.S.G. § 5C1.1. Because of her condition, she is unable to travel much anyway.

In arriving at Colaiezzi`s sentence the Court has considered not only the Guidelines, but other sentencing goals. The Court has first considered the Guideline sentencing range established for the applicable category of offense committed by the applicable category of defendant. The Court believes that the punishment set forth in the advisory Guideline range, even after the substantial departure, is not appropriate for this sort of offense. The Court believes that a number of factors, taken in combination, justify a variance from the Guideline range. The nature and circumstances of the crime, and Colaiezzi`s history and characteristics, counsel a variance because, in part, the facts suggest that Colaiezzi was a person who made a poor judgment during a difficult period in her life. The need for specific deterrence is not necessary, because of Colaiezzi`s deteriorating condition. Incarceration is also not necessary to protect the public from further crimes by Colaiezzi. This sentence will not detract from general deterrence, as no one would purposefully put themselves in Colaiezzi`s position to avoid a stiff penalty. The Court also believes a variance is necessary so that Colaiezzi can receive effective medical care. While a slightly higher sentence could be just punishment for this crime, the Court believes that the parsimony clause pushes this sentence to a time-served sentence. The Court does not believe further incarceration is necessary to provide a just punishment in this case. The Court believes that a time-served sentence fully and effectively reflects each of the factors embodied in 18 U.S.C. § 3553(a). A time-served sentence reflects the seriousness of the offense and the circumstances of the case, promotes adequate respect for the law, provides just punishment, affords adequate deterrence, will protect the public, and will allow Colaiezzi to receive the medical assistance she needs. And while the Court`s task as a trial court is not to come up with a reasonable sentence, but to balance the 18 U.S.C. § 3553(a) factors correctly, see United States v. Conlan, 500 F.3d 1167, 1169 (10th Cir. 2007)("[A] district court`s job is not to impose a reasonable sentence. Rather, a district court`s mandate is to impose a sentence sufficient, but not greater than necessary, to comply with the purposes of section 3553(a)(2).")(citation omitted), the Court believes a time-served sentence is reasonable and sufficient without being greater than necessary to comply with the purposes of punishment set forth in the Sentencing Reform Act. The Court therefore imposes a sentence of four days or time served, whichever is less. As part of the term of supervised release, the Court will impose electronic monitoring as a condition to home detention for a period of eight months. Colaiezzi is placed on supervised release for a term of three years. Based on Colaiezzi`s limited resources and the United States` expression of not being interested in pursuing a fine, the Court will not impose a fine. Based on the United States` willingness to waive a special assessment of $100.00, the Court will not impose one.

☐ The court makes the following recommendations to the Bureau of Prisons:


☐ The defendant is remanded to the custody of the United States Marshal.
☐ The defendant shall surrender to the United States Marshal for this district:
  ☐ at  on
  ☐ as notified by the United States Marshal.
☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
  ☐ before 2 p.m. on
  ☐ as notified by the United States Marshal
  ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:




Defendant delivered on _____ to
_____ at _____ with a Certified copy of this judgment.

|  |
|---|
| UNITED STATES MARSHAL |

By _____
DEPUTY UNITED STATES MARSHAL

Defendant: **Marsha Diane Colaiezzi**
Case Number: **1:09CR00592-001JB**

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **3 years** .

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.
The defendant shall not commit another federal, state, or local crime.
The defendant shall not unlawfully possess a controlled substance.
The defendant shall refrain from any unlawful use of a controlled substance.
The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

- ☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)
- ☒ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable).
- ☒ The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable).
- ☐ The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. (Check, if applicable)
- ☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Criminal Monetary Penalties sheet of this judgment.
The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement;

Defendant: **Marsha Diane Colaiezzi**
Case Number: **1:09CR00592-001JB**

## SPECIAL CONDITIONS OF SUPERVISION

**The defendant shall not possess, have under her control, or have access to any firearm, ammunition, explosive device, or other dangerous weapons, as defined by federal, state, or local law.**

**The defendant must participate in and successfully complete a substance abuse treatment program which may include drug testing, outpatient counseling, or residential placement. The defendant is prohibited from obstructing or attempting to obstruct or tamper, in any fashion, with the collection, efficiency and accuracy of any substance testing device or procedure. The defendant may be required to pay a portion of the cost of treatment and/or drug testing as determined by the Probation Office.**

**The defendant must submit to a search of her person, property, or automobile under her control to be conducted in a reasonable manner and at a reasonable time, for the purpose of detecting alcohol and/or drugs at the direction of the probation officer. She must inform any residents that the premises may be subject to a search.**

**The defendant must refrain from the use and possession of alcohol and other forms of intoxicants. She must not frequent places where alcohol is the primary item for sale.**

**The defendant must participate in and successfully complete a mental health treatment program, which may include outpatient counseling, residential placement, or prescribed medication as approved by the probation officer. The defendant may be required to pay a portion of the cost of this treatment as determined by the Probation Office.**

Defendant: **Marsha Diane Colaiezzi**
Case Number: **1:09CR00592-001JB**

# CRIMINAL MONETARY PENALTIES

The defendant must pay the following total criminal monetary penalties in accordance with the schedule of payments.

☒   The Court hereby remits the defendant's Special Penalty Assessment; the fee is waived and no payment is required.

| Totals: | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| | **$waived** | **$0.00** | **$0.00** |

## SCHEDULE OF PAYMENTS

Payments shall be applied in the following order (1) assessment; (2) restitution; (3) fine principal; (4) cost of prosecution; (5) interest; (6) penalties.

Payment of the total fine and other criminal monetary penalties shall be due as follows:

The defendant will receive credit for all payments previously made toward any criminal monetary penalties imposed.

A   ☐   In full immediately; or
B   ☐   $ immediately, balance due (see special instructions regarding payment of criminal monetary penalties).

**Special instructions regarding the payment of criminal monetary penalties: Criminal monetary penalties are to be made payable by cashier's check, bank or postal money order to the U.S. District Court Clerk, 333 Lomas Blvd. NW, Albuquerque, New Mexico 87102 unless otherwise noted by the court. Payments must include defendant's name, current address, case number and type of payment.**

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalty payments, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program, are to be made as directed by the court, the probation officer, or the United States attorney.